Eastern District of Kentucky
F I L E D
DEC 22 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-579-GWU

SHERRIE RATTLIF, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

### INTRODUCTION

Sherrie Rattlif brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Rattlif, a 47 year-old former school cook with a high school education, suffered from impairments related to diabetes mellitus, hypertension, a history of angina, obesity, polyarthralgias and a generalized anxiety disorder. (Tr. 18, 24). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of sedentary level work. (Tr. 26-27). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 27). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 26).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert Susan

5

Kehoe included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to sit for more than six hours in an eight-hour day; (2) an inability to stand or walk for more than two hours in an eight-hour day; (3) an inability to ever climb ropes, ladders or scaffolds; (4) an inability to more than occasionally kneel, climb, crouch, or crawl; (5) a need to avoid concentrated exposure to cold and heat; and (6) a need to avoid exposure to unprotected heights or moving machinery. (Tr. 373-374). In response, Kehoe identified a significant number of sedentary level jobs which could still be performed.[1] (Tr. 375). The ALJ then added such mental restrictions as a "limited but satisfactory" ability in such areas as understanding and remembering moderately complex or complex job instructions, relating to co-workers or supervisors and persisting on tasks and tolerating work-related stress. (Tr. 375). The witness indicated that these additional restrictions would not affect one's ability to perform the previously-cited jobs. (Tr. 375). Therefore, assuming that the vocational factors considered by the ALJ fairly depicted Rattlif's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. The hypothetical question was consistent with the functional restrictions identified by Dr. James Ramsey (Tr. 226-236) and Dr. John Rawlings (Tr. 237-245), the non-examining medical reviewers. Dr. Mark Carter, an examining consultant, did not identify more severe physical limitations. (Tr. 147-153). The question was also essentially compatible with the limitations indicated by Adam High, an examining

---

[1] The ALJ ultimately found that Rattlif was limited to sedentary level work.

chiropractor.[2] (Tr. 139). These sources provide substantial evidence to support the administrative decision.

Rattlif asserts that the ALJ erred in rejecting the opinion of Dr. Mark Adams, her treating physician, finding that she was totally disabled. In April of 2003, Dr. Adams indicated that "...it is difficult to perceive her ability [to] currently maintain her job as a food services assistant." (Tr. 154). The defendant asserts that Dr. Adams only precluded performance of the plaintiff's past relevant work rather than all work activity and that this finding is consistent with the administrative decision. The undersigned agrees with this assertion.

Rattlif also objects to the ALJ's reliance upon Adam High because, under the administrative regulations, a chiropractor was not considered an "acceptable medical source." 20 C.F.R. Section 404.1513. However, while a chiropractor's opinion would not be binding on an ALJ, the administrative regulations list chiropractors among the "other sources" who can provide information about a claimant's impairments. 20 C.F.R. Section 404.1513(d)(1). As previously noted, the ALJ's findings were also consistent with the opinions of the medical reviewers and arguably that of Dr. Adams, all of whom were "acceptable medical sources." Therefore, any error would appear harmless.

Rattlif argues that the ALJ erred in failing to address her problem with obesity. The ALJ included obesity as one of the plaintiff's "severe" impairments. (Tr. 24). As the plaintiff herself noted in her supporting memorandum (Plaintiff's Memorandum of Law, Docket Entry No. 23, at pp. 11-12), the ALJ discussed the

---

[2]The ALJ omitted High's limitation concerning lifting overhead. The plaintiff has not raised this omission as an issue.

7

claimant's obesity on numerous occasions in the text of his denial decision. (Tr. 19-20, 22). Thus, the ALJ clearly did address this condition. The claimant further asserts that the ALJ's statement, made during his discussion of the obesity problem, that she had been successful in losing weight, was erroneous. (Tr. 20). However, the record indicates that the claimant at one point had lost 130 pounds, which had greatly helped her problem with diabetes. (Tr. 169). The current medical record does not suggest the existence of additional functional restrictions relating to obesity which the ALJ did not consider. Therefore, the Court must reject Rattlif's argument.

The ALJ dealt properly with the evidence of record relating to Rattlif's mental status. The mental factors presented to Kehoe were essentially consistent with the restrictions reported by Dr. Kevin Eggerman, an examining consultant. (Tr. 145). Neither Jay Athy (Tr. 198) nor Ilze Sillers (Tr. 213), the non-examining medical reviewers, thought that the plaintifff even suffered from a "severe" mental impairment. Therefore, substantial evidence supports this portion of the administrative decision.

The undersigned concludes that the administrative decision should be affirmed. Therefore, Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22 day of December, 2005.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE

8